1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARVIN GLENN HOLLIS,

11          Plaintiff,                    No. CIV S-09-1627 DAD (TEMP) P

12      vs.

13   A. GORBY, et al.,

14          Defendants.                   ORDER

15   _____/

16          Plaintiff is a California prisoner proceeding pro se and in forma pauperis (IFP)

17   with an action for violation of civil rights under 42 U.S.C. § 1983.  Several matters are now

18   pending before the court and will be addressed in order below.

19   I.  <u>Defendants' Motion To Have Plaintiff's In Forma Pauperis Status Revoked</u>

20          Defendants' have filed a motion seeking to have plaintiff's IFP status revoked

21   pursuant to 28 U.S.C. § 1915(g).  That statue reads as follows:

22          In no event shall a prisoner bring a civil action or appeal a
            judgment in a civil action or proceeding under this section if the
23          prisoner has, on 3 or more prior occasions, while incarcerated or
            detained in any facility, brought an action or appeal in a court of
24          the United States that was dismissed on the grounds that it is
            frivolous, malicious, or fails to state a claim upon which relief can
25          be granted, unless the prisoner is under imminent danger of serious
            physical injury.

26   /////

1

1   "[T]he plain language of § 1915(g) requires that the court look at cases dismissed prior to the

2   enactment of the [Prison Litigation Reform Act] to determine when a prisoner has used his three

3   strikes." Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

4         For purposes of § 1915(g), the court must determine whether plaintiff has, on three

5   or more occasions prior to the filing of this new action, brought a civil action or appeal that was

6   dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which

7   relief could be granted.  Where a court denies a prisoner's application to file an action without

8   prepayment of fees on the grounds that the submitted complaint is frivolous, malicious or fails to

9   state a claim upon which relief may be granted, the complaint has been "dismissed" for purposes

10   of § 1915(g).  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

11         Defendants point to five cases which they assert qualify as so-called "strikes"

12   against plaintiff under § 1915(g).[1]  The court agrees that Hollis v. Villanueus, 3:07-cv-04538

13   THE, dismissed by the United States District Court for the Northern District of California on

14   February 2, 2009, for "failure to state a claim" (Doc. No. 11)[2] counts as a "strike" for purposes of

15   applying § 1915(g).  That dismissal occurred well before plaintiff brought this action on June 8,

16   2009, by submitting his complaint to prison officials for mailing.  See Houston v. Lack, 487 U.S.

17   266, 270 (1988) (notice of appeal in habeas action deemed filed on the day the habeas petitioner

18   handed the notice to prison officials for mailing).

19         The court also agrees that Hollis v. Mazon-Alec, 1:03-cv-06842 REC DLB P from

20   the Fresno division of this court constitutes a second "strike" under § 1915(g).  In that case, on

21

---

22      [1]  With their motion, defendants include a request that the court take judicial notice of
several court documents.  The court does judicially notice all of the facts identified herein

23   derived from the dockets of this court, the United States District Court for the Northern District
of California and the Ninth Circuit Court of Appeals or documents filed in those courts.   See

24   Fed. R. Evid. 201.

25      [2]  Copies of all of the dockets of other courts referenced in this order and court documents
from other courts which are referenced are attached to defendants' motion to have plaintiff's IFP

26   status revoked.

1   December 1, 2004, the  assigned magistrate judge recommend dismissal of plaintiff's third

2   amended complaint without leave to amend because plaintiff failed to state a claim upon which

3   relief could be granted despite having previously been informed of the deficiencies in his prior

4   complaints filed in that action.  That recommendation was adopted on January 27, 2005 and the

5   case was dismissed for failure to state a claim upon which relief could be granted .

6          The other three cases identified by defendants, however, do not qualify as strikes

7   under § 1915(g).  The appeal of Hollis v. Villanueus, Ninth Circuit Case No. 09-15523, was

8   dismissed on August 26, 2009 (Doc. No. 9) after this action was brought by plaintiff.

9   Furthermore, that appeal was dismissed for failure to prosecute, not for failure to state a claim or

10  because the appeal was frivolous or malicious.

11         The case Hollis v. Evans, 3:07-cv-05389 THE, was a habeas action brought in the

12  United States District Court for the Northern District of California.  Habeas actions generally can

13  not constitute strikes.  Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).  There is a limited

14  exception to this rule:

15         We recognize, however, that some habeas petitions may be little
           more than 42 U.S.C. § 1983 actions mislabeled as habeas petitions
16         so as to avoid the penalties imposed by 28 U.S.C. § 1915(g).  In
           such cases, the district court may determine that the dismissal of
17         the habeas petition does in fact count as a strike for purposes of
           1915(g).

18

19  Id. at 1123 n. 12.  However, the exception noted by the court in Andrews is not applicable here

20  because the district court judge who dismissed Hollis v. Evans did not find that plaintiff presented

21  his claims in a habeas action rather than in a § 1983 action to avoid any penalty or a more onerous

22  filing requirement applicable in a § 1983 action, such as the higher filing fee.  See December 3,

23  2007 Order (Doc. No. 4).  Furthermore, defendants fail to point to anything suggesting that this

24  court should find that plaintiff's purpose in bringing his petition in Hollis v. Evans as a habeas

25  action was to avoid a penalty or requirement associated with a § 1983 action.

26  /////

1          Finally, the appeal of the dismissal of <u>Hollis v. Evans</u>, Ninth Circuit Case No. 08-

2   15037, was, again, dismissed due to plaintiff's failure to prosecute that appeal (Doc. No. 11)

3   which is not a ground qualifying as a "strike" under § 1915(g).  <u>Andrews</u>, 398 F.3d at 1122.

4          Because defendants fail to point to a third "strike" necessary for a determination by

5   this court that plaintiff "struck out" under 28 U.S.C. § 1915(g) before he filed his complaint in

6   this action, defendants' motion to revoke plaintiff's IFP status will be denied.

7   II.  <u>Defendants' Motion To Have Plaintiff Declared A "Vexatious Litigant"</u>

8          Next, defendants ask that plaintiff be declared a "vexatious litigant" pursuant to

9   Local Rule 151(b) and, as a result, be required to post security before proceeding to trial.  Local

10  Rule 151(b) provides:

> On its own motion or on motion of a party, the Court may at any
> time order a party to give a security, bond, or undertaking in such
> amount as the Court may determine to be appropriate.  The
> provisions of Title 3A, part 2, of the California Code of Civil
> Procedure, relating to vexatious litigants, are hereby adopted as a
> procedural Rule of this Court on the basis of which the Court may
> order the giving of a security, bond, or undertaking, although the
> power of the Court shall not be limited thereby.

In turn, Section 391(b) of the California Code of Civil Procedure provides:

> (b) "Vexatious litigant" means a person who does any of the
> following:
>
> (1) In the immediately preceding seven-year period has commenced,
> prosecuted, or maintained in propria persona at least five litigations
> other than in a small claims court that have been (I) finally
> determined adversely to the person or (ii) unjustifiably permitted to
> remain pending at least two years without having been brought to
> trial or hearing.
>
> (2) After a litigation has been finally determined against the person,
> repeatedly relitigates or attempts to relitigate, in propria persona,
> either (I) the validity of the determination against the same
> defendant or defendants as to whom the litigation was finally
> determined or (ii) the cause of action, claim, controversy, or any of
> the issues of fact or law, determined or concluded by the final
> determination against the same defendant or defendants as to whom
> the litigation was finally determined.

26  /////

> (3) In any litigation while acting propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

> (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

Finally, Section 391.1 of the California Code of Civil Procedure provides:

> In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant.

The Ninth Circuit has counseled caution in declaring plaintiffs "vexatious." That court has explained that "orders restricting a persons's access to the courts must be based on adequate justification supported in the record and narrowly tailored to address the abuse perceived." <u>DeLong v. Hennessey</u>, 912 F.2d 1144, 1149 (9th Cir. 1990). Strictly speaking, plaintiff brought at least five unsuccessful lawsuits in the seven years prior to the filing of his original complaint in this action.[3] However, based on defendants' motion, this court cannot say that plaintiff's filings have been so "numerous or abusive" or "inordinate" to warrant a "vexatious litigant" order. <u>Id</u>. at 1147-48 (examples of "numerous or abusive" filings include plaintiffs who have filed 35 related complaints, more than 50 frivolous cases, or more than 600 complaints). Nor can this court say that plaintiff's litigation activity reflects a "pattern of harassment." <u>Id</u>. at 1140.

Moreover, it is not clear that plaintiff has no reasonable probability of succeeding on the merits of this case, something which must be shown before plaintiff can be declared "vexatious." <u>See</u> <u>Hollis v. Dezember</u>, No. CIV S-08-2810 KJN P, 2010 WL 4220535, at *2 (E.D.

---

[3] Based on court records identified by defendants, the court takes judicial notice of this fact pursuant to Federal Rule of Evidence 201.

Cal. Oct. 20, 2010) (denying defendants' motion to declare plaintiff a "vexatious litigant" because the court could not determine at that juncture that there was no reasonable probability that plaintiff would not prevail against any defendant).  In fact, in screening plaintiff's complaint on November 24, 2009,[4] the court determined that it appeared to state cognizable claims for relief pursuant to 42 U.S.C. § 1983.  In that screening order, the court also noted that if plaintiff proved the allegations in his complaint, he had a reasonable opportunity to prevail on the merits of this action.  Defendants' fail to point to anything arising from plaintiff's complaint which would compel the court to reconsider that ruling.

In light of all of these facts, the court will deny defendants' motion to have plaintiff declared a "vexatious litigant."

III.  Response To Request For Admissions

On February 28, 2011, plaintiff filed a request for an extension of time to respond to defendants' request for admissions.  The discovery requests in question were served by defendants on October 29, 2010.  Under the discovery order filed in this case on September 27, 2010, plaintiff's response was due within 45 days of service.  Defendants' did not receive plaintiff's responses until February 22, 2011.  Plaintiff asserts his responses were late because he spent time in the hospital at his institution of confinement between November, 2010, and February of this year.  He also asserts he has been denied law library access at his institution of confinement between December 20, 2010 and present.

Under Rule 6(b) of the Federal Rules of Civil Procedure, the court may extend a deadline pursuant to a request made after the deadline has passed only if the person requesting the extension failed to act in a timely manner because of excusable neglect.  Plaintiff does not allege he missed the deadline to serve responses to defendants' request for admissions because of excusable neglect.  He suggests he was aware of the deadline, but simply could not comply with

---

[4]  The court amended the screening order on March 31, 2010, to add one additional defendant against whom this action could proceed.

1   it.  This is not an adequate reason to now extend the deadline.  Furthermore, the court finds that

2   plaintiff's suggestion that he could not serve a timely-response to the request for admissions, or at

3   least a timely-request for an extension of time to do so, to be disingenuous considering that

4   defendants identify twenty-four documents filed by plaintiff in this court and in the Ninth Circuit

5   in this and other cases between November 1, 2010 and February 24, 2011.  For all these reasons,

6   plaintiff's request for an extension of time to file his responses to defendants' request for

7   admissions will be denied.

8          In his motion, plaintiff also asks that he be allowed to withdraw any admissions

9   made pursuant to Federal Rule of Civil Procedure 36(a)(3) due to his failure to file timely

10  responses to a request for admissions.   Under Rule 36(b), the court can deem an admission

11  withdrawn if it is established that withdrawal would "promote the presentation of the merits" of

12  the claims before the court, and "if the court is not persuaded that it would prejudice the

13  requesting party in . . . defending the action on the merits."  Because neither party has submitted

14  the requests for admission–now admissions–at issue, the court is unable to determine if

15  defendants would be prejudiced by the requested withdrawal.  Therefore, plaintiff's motion for

16  withdrawal will be denied at this time without prejudice.  Plaintiff may renew his motion within

17  twenty-one days of the date of service of this order and must submit the admissions at issue with

18  any renewed motion for withdrawal that he may elect to file.

19  IV.  Scheduling

20          Defendants have requested an extension of time to file a motion for summary

21  judgment.  Since defendants' motion for summary judgement was timely-filed on April 29, 2011,

22  the request for an extension will be denied.  The court will, however, vacate the previously set

23  deadlines for the filing of pretrial statements.  Those dates will be reset, if necessary, after the

24  court rules on defendants' pending motion for summary judgment.

25  /////

26  /////

CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants' November 12, 2010, motion requesting that plaintiff's in forma pauperis status in this case be revoked pursuant to 28 U.S.C. § 1915(g) (Doc. No. 39) is denied.

2. Defendants' November 12, 2010, motion that plaintiff be declared a "vexatious litigant" (Doc. No. 39) is denied.

3. Plaintiff's February 28, 2011, request for an extension of time to serve responses to defendants' request for admissions (Doc. No. 47) is denied.

4. Plaintiff's February 28, 2011, motion to withdraw admissions (Doc. No. 47) is denied without prejudice to renewal within 21 days of the date of service of this order. Plaintiff must submit a copy of the admissions he seeks to withdraw with any renewed motion he elects to file.

5. Defendants' April 19, 2011, motion for an extension of the deadline to file pretrial motions (Doc. No. 50) is denied.

6. The deadlines established in the October 19, 2010, scheduling order for the filing of pretrial statements are vacated.

DATED: July 14, 2011.

_Dale A. Drozd_
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kc
holl1627.3ks

8