IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,                              No. CIV S-09-1627 JAM CKD P

    vs.

A. GORBY, et al.,

    Defendants.                       <u>ORDER</u>

        On July 29, 2011, defendants filed a request for reconsideration of the order filed July 15, 2011 denying defendants' motion to revoke plaintiff's in forma pauperis status.[1] Defendants assert the court erred in finding that <u>Hollis v. Evans</u>, Ninth Circuit Case No. 08-15037 does not constitute a "strike" under 28 U.S.C. § 1915(g).[2]

---

[1] Defendants bring their motion under Local Rule 230(j). Defendants did not indicate that they seek reconsideration by the district court judge assigned to this case so the court assumes the motion for reconsideration is directed at the magistrate judge. The court notes that this case was reassigned to the undersigned after the July 15, 2011 order was entered and after the motion for reconsideration was filed.

[2] Title 28 U.S.C. § 1915(g) reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can

1  The court has reviewed the order entered July 15, 2011 and discovered that a
2  change in the law renders one of the two actions deemed "strikes" to no longer be a "strike."  The
3  court found that Hollis v. Villanueus, 3:07-cv-04538 THE constitutes a "strike."  Later in the
4  order, the court notes that the appeal of that action, Hollis v. Villanueus, Ninth Circuit Case No.
5  09-15523, was dismissed on August 26, 2009.  Because the appeal of Villanueus was not final
6  until after this case was brought in June of 2009, the trial court's dismissal cannot constitute a
7  "strike" under 28 U.S.C. § 1915(g) for purposes of this action.  Silva v. Di Vittorio, No. 08-
8  15620, 2011 WL 4436248 at *6 (9th Cir. Sept. 26, 2011).  Therefore, the court has no cause to
9  reconsider whether  Hollis v. Evans, constitutes a "strike."[3]

10  In accordance with the above, IT IS HEREBY ORDERED that defendants' July
11  29, 2011 motion for reconsideration is denied.

Dated: October 3, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

[1] holl1627.850

---

be granted, unless the prisoner is under imminent danger of serious physical injury.

[3] Counsel for defendants asks that the court take judicial notice of certain court-related documents.  Counsel's request is not proper as the court does not judicially notice documents.  Rather, the court can judicially notice facts if the requirements of Federal Rule of Evidence 201 are met.