IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

       Plaintiff,               No. CIV S-09-1627 JAM CKD P

    vs.

A. GORBY, et al.,

       Defendants.        <u>ORDER</u>

_____/

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  He is proceeding on claims arising under the Eighth Amendment against eight defendants:  Gorby, Tovar Sr., Wright, Lowry, Crawford, McGuire, Barton and Tovar Jr.  Plaintiff's August 26, 2011 request to withdraw admissions is before the court.

       When a party fails to serve a timely response to a request for admissions (RFAs) all of the individual requests for admission included therein are deemed admitted.  Fed. R. Civ. P. 36(a).  "A matter admitted under [Rule 36] is conclusively established unless the court on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).

/////

/////

1

1   Here, plaintiff failed to file timely responses to each defendants' RFAs which were all served on

2   plaintiff October 29, 2010.[1]   Counsel for defendants received plaintiff's response on February 22,

3   2011 (Decl. of Christina Carroll at 1-2), approximately two months after the deadline for serving

4   responses expired.  See September 27, 2010 Discovery Order.

5        Federal Rule of Civil Procedure 36(b) "permits the district court to exercise its

6   discretion to grant relief from an admission made under Rule 36 only when (1) 'the presentation

7   of the merits of the action will be subserved, and (2) the party who obtained the admission fails

8   to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the

9   action or defense on the merits." Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007)

10  (internal quotations omitted).  "The first half of the test in Rule 36(b) is satisfied when upholding

11  the admission would practically eliminate any presentation of the merits of the case." Hadley v.

12  United States, 45 F.3d 1345, 1348 (9th Cir. 1995).  For example, in Conlon, the plaintiff failed to

13  respond to requests for admissions and thereby admitted his damages were not caused by the

14  wrongful acts of the defendant.  Thus, "the deemed admissions eliminated any need for a

15  presentation on the merits" and therefore satisfied the first prong of the Rule 36(b) test. Conlon,

16  474 F.3d at 622.

17       Under the second half of the Rule 36(b) test, "[t]he party relying on the deemed

18  admission has the burden of proving prejudice." Conlon, 474 F.3d at 622.  "The prejudice

19  contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now

20  have to convince the factfinder of its truth.  Rather, it relates to the difficulty a party may face in

21  proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need

22  to obtain evidence' with respect to the questions previously deemed admitted." Hadley, 45 F.3d

23  at 1348, citing Brook Village N. Assocs. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982).

24  /////

25

26       [1] Copies of defendants' RFAs and plaintiff's responses are attached to plaintiff's motion.

1          The factors set forth above weigh in favor of granting relief to plaintiff under Rule

2   36(b).  However, because plaintiff actually answered defendants' RFAs, the court will deem

3   those answers as amended answers; plaintiffs actual answers amend admissions made by

4   operation of law.  The presentation of the merits of this action would be subserved if all of

5   defendants requests for admissions are deemed admitted.  Each defendant asked plaintiff to

6   admit, among other things, that defendant "did not violate [plaintiff's] rights under the Eighth

7   Amendment" and that defendant "did not violate any of [plaintiff's] constitutional rights."

8   Therefore, unless the court grants plaintiff's motion to withdraw, all defendants would be entitled

9   to judgment on all of plaintiff's remaining Eighth Amendment claims short of trial.

10         Defendants' argument that they would be prejudiced by plaintiff's withdrawal of

11  admissions is unpersuasive.  Defendants state that they may have engaged in further discovery

12  had their RFAs not been deemed admitted by operation of law.  However, lack of discovery,

13  without more, does not constitute prejudice.  Conlon, 474 F.3d at 624.  Moreover, to minimize

14  any prejudice, the court will allow defendants fourteen days within which to file a motion for

15  leave to conduct further discovery which is now necessary in light of this order. [2]

16         Accordingly, IT IS HEREBY ORDERED that:

17         1.  Plaintiff's August 29, 2011 request to withdraw admissions is granted in that

18  plaintiff's actual responses to defendants' requests for admissions are deemed amendments to

19  admissions made by operation of law.

20

---

21         [2]  The court commends to counsel for defendants a reading of  Diggs v. Keller, 181
    F.R.D. 468, 470 (D. Nev. 1998) (holding that "before a matter may be deemed admitted against a
22  pro se prisoner for failure to respond to a request, the request for admission should contain a
    notice advising the party to whom the request is made that, pursuant to Rule 36 of the Federal
23  Rules of Civil Procedure, the matters shall be deemed admitted unless said request is responded
    to within thirty (30) days after service of the request or within such shorter or longer time as the
24  court may allow.")  In this case, defendants' request for admissions did not provide such notice.
    In the future, counsel for defendants might consider the wisdom of including that information,
25  especially considering the Ninth Circuit's repeated holding that pro se litigants are held to less
    stringent standards than parties with counsel.  E.g. Rand v. Rowland, 154 F.3d 952, 957 (9th Cir.
26  1998) (en banc).

3

1    2.  Defendants are permitted fourteen days within which to file a motion for leave

2  to conduct discovery now necessary in light of this order.

3  Dated: February 16, 2012

4  _____
   CAROLYN K. DELANEY
5  UNITED STATES MAGISTRATE JUDGE

6

7

8

9  1
   holl1627.adm

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26