IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLEN HOLLIS,

      Plaintiff,                       No. 2:09-cv-1627 JAM CKD P

    vs.

A. GORBY, et al.,

      Defendants.              <u>ORDER</u>

/

      Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On March 30, 2012, the court granted the remaining defendants 45 days within which to depose plaintiff. On April 2, 2012, defendants properly noticed the deposition for May 3, 2012 at plaintiff's place of incarceration, California State Prison, Sacramento (CSP-SAC).

      The day the deposition was to take place, the court received a motion from plaintiff in which he requested that the court enter an order denying defendants permission to depose plaintiff. Because neither the undersigned nor her staff received the motion until after the deposition was scheduled to occur, the motion was denied as moot on May 9, 2012. Plaintiff served his motion on April 30, 2012.

/////

On the day the deposition was to occur, plaintiff refused to be deposed. Essentially, plaintiff informed counsel for defendants that he would not participate in a deposition until the court ruled on plaintiff's May 3, 2012 motion. Defense counsel did not receive the motion until she arrived at CSP-SAC. Counsel attempted to persuade plaintiff to participate and even attempted to accommodate at least some of plaintiff's requests as to the manner in which the deposition would be taken. Plaintiff still refused to be deposed.

Defendants now move, pursuant to Rule 37 of the Federal Rules of Civil Procedure (Federal Rules), to compel plaintiff's deposition and for an award of attorney's fees and expenses incurred with respect to plaintiff's refusal to be deposed.

The Federal Rules permit the parties to obtain any material, via discovery, relevant to the claims at issue. Fed. R. Civ. P. 26(b)(1). Deposition of parties is permitted under Rule 30(a). In his opposition to defendants' motion to compel, plaintiff fails to point to any valid reason why he should not sit for deposition, nor make any serious attempt to do so. Accordingly, defendants' motion to compel plaintiff's deposition will be granted. Defendants will be permitted to depose plaintiff within 45 days. The court notes that defendants' pretrial statement is currently due on July 1. In light of the foregoing, their pretrial statement will be due September 1.

Under Rule 37(a)(5)(A) the court must award a party any costs, including attorney's fees, associated with bringing a successful motion to compel unless the conduct of the party opposing the motion was substantially justified or an award is otherwise unjust. The court finds that an award under Rule 37(a)(5)(A) is warranted.

In opposition to defendant's request for sanctions, plaintiff suggests that it was proper for plaintiff to refuse to be deposed until the court ruled on his May 3, 2012 motion. Plaintiff identified his May 3 motion as being filed pursuant to Rule 30(d)(3)(A). That rule permits a party to move to terminate or limit a deposition once it has begun. It does not provide a basis for the court to order that a deposition not occur. Even if the court were to construe the

1  May 3, 2012 motion as a motion for a protective order under Rule 26©), the motion would be
2  denied as plaintiff did not meet and confer with counsel for defendants prior to filing the motion
3  as expressly required in that Rule and plaintiff fails to adequately explain his delay in bringing
4  the motion he brought.

5       Plaintiff also suggests it was appropriate to refuse to be deposed on May 3, 2012
6  because of the proximity of certain correctional officers to the room where plaintiff was being
7  deposed and that one officer was actually in the room for a period of time.  However, plaintiff
8  does not have a freestanding right to not have correctional staff present during a deposition nor a
9  freestanding right to have his deposition testimony be confidential.  All proceedings in this action
10 are of public record unless and until the court determines sealing transcripts of proceedings or
11 other material is appropriate.

12       Counsel for defendants seeks $993.19 in fees and reimbursement for costs
13 associated with the failed deposition necessitating their motion to compel and $1,065 for the
14 actual drafting of the motion.  The court finds that an award of $2,058.19 is warranted under
15 Rule 37(a)(5)(A) and is reasonable.

16       Finally, plaintiff is warned that if refuses to be deposed a second time, or if he
17 otherwise engages in a level of obstructionist and legally unjustifiable conduct similar to the
18 conduct displayed on May 3, 2012, plaintiff runs the risk of dismissal of this action as a sanction
19 for failing to follow court orders.

20       In accordance with the above, IT IS HEREBY ORDERED that:
21       1. Defendants' May 17, 2012 motion to compel is granted.
22       2. Defendants are granted 45 days within which to depose plaintiff.
23 /////
24 /////
25 /////
26 /////

3. Defendants' request for an award of fees and expenses in the amount $2,058.19 payable by plaintiff is granted.

4. Defendants' pretrial statement shall be filed no later than September 1, 2012.

Dated: June 6, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
holl1627.mtc